IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL KARDELL FORD,** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 21-00183-KD-N |
| ) | |
| **FOUNTAIN FACILITY** *et al.*, ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Michael Kardell Ford, an Alabama inmate proceeding *pro se*, initiated this civil action by filing a petition under 42 U.S.C. § 1983 dated February 19, 2021 (Doc. 1). This action was referred to the undersigned pursuant 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72. The Court previously ordered Ford to refile his complaint (Doc. 1) and motion for leave to proceed *in forma pauperis* (Doc. 2) using the Court's forms by May 10, 2021 in order to proceed with this action under 42 U.S.C. § 1983. (Doc. 6). After he missed this deadline, the Court afforded Ford another opportunity to file an amended complaint and motion for leave to proceed *in forma pauperis* by June 25, 2021. (Doc. 7). On both occasions, the Court warned Plaintiff that if he did not refile his complaint and motion by the deadline, then the undersigned may enter a recommendation of dismissal for failure to prosecute and/or comply with a Court order. (*See* Docs. 6, 7). To date, the Court has not received Plaintiff's amended complaint and motion.

A federal district court is authorized to dismiss a case *sua sponte* for failure to prosecute under both Federal Rule of Civil Procedure 41(b) and its inherent power to

manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005); *see also* S.D. Ala. CivLR 41(c) ("Whenever it appears that the Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law."). Here, Plaintiff failed to comply with the Court's orders to file an amended complaint and motion for leave to proceed *in forma pauperis*. Upon due consideration of the foregoing, and of the alternatives available to the Court, the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** for failure to prosecute, under both Rule 41(b) and the Court's inherent authority, as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1983); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *accord Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1545-46 (11th Cir. 1993) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), *cert. denied*, 510 U.S. 863 (1993).

    **DONE** this the 7th day of July 2021.

                                              */s/ Katherine P. Nelson*
                                              **KATHERINE P. NELSON**
                                              **UNITED STATES MAGISTRATE JUDGE**

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.